■    JACK WEST, Respondent-Appellant, v. GEORGE N. JOHNSON, Appellant-Respondent.— In an action to declare the respective rights of the parties under the renewal provisions of a written lease of certain real property, the plaintiff being the lessee's assignee and the defendant being the lessor, in which action the defendant lessor counterclaimed for a declaration in his favor, the parties cross-appeal as follows from a judgment of the Supreme Court, Westchester County, entered August 5, 1964 after a nonjury trial, upon the court's opinion-decision: (1) The defendant appeals from so much of the judgment as declared: (a) that the plaintiff properly exercised his right to renew the lease; (b) that such renewal must be recognized by the defendant; (c) that "the appraisal for which the lease provides means an appraisal of the total annual rental value of the land alone;" and (d) that the annual net rental to be paid during the renewed term "will be the total annual rental value of the land alone, less that portion of the real estate taxes chargeable to the land and made payable by the plaintiff under the terms of the lease".  (2) The plaintiff appeals from so much of the judgment as declared that the provision in the lease for "limitation of the rent for the renewed term to 5% of the last assessment placed upon the land applied only to a negotiated rental and not to one determined by an appraisal".  Judgment modified on the law and facts as follows: (1) by striking out from the last portion of the final decretal paragraph the provision to the effect that during the renewed term of the lease, as against the annual net rental (found by the appraiser) the plaintiff shall be entitled to a credit equal to "that portion of the real estate taxes chargeable to the land and made payable by the plaintiff under the terms of the lease"; and (2) by adding a new subparagraph declaring that during the renewed term of the lease the plaintiff shall also continue to be liable for the payment of the taxes and the other items specified in paragraph "II" of such lease.  As so modified, the judgment, insofar as appealed from by the respective parties, is affirmed, without costs.  Findings of fact implicit or

contained in the court's opinion-decision which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The lease, as well as the judgment, provides for a net rental which presupposes payment by the lessee (plaintiff) of the taxes in addition to the rent. The stricken portion of the judgment, however, in effect provided for a *deduction* of such taxes during the renewed term. As any such deduction would be inconsistent with the terms of the lease (particularly par. II) and contrary to the intent of the lease, we modify the judgment only to eliminate such inconsistency and to make clear that the plaintiff's obligations under said paragraph of the lease will continue during the renewed term. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

In the Matter of JAMES A. DE BOIS, Petitioner.— Motion by petitioner, an attorney from the State of Oklahoma, for admission to the Bar of the State of New York, granted. Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.